IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CR 12-58 BB

JESUS MUNOZ-LECHUGA and
MARCOS ANTONIO MONGE-HERNANDEZ,

    Defendants.

### MEMORANDUM OPINION
### IN SUPPORT OF ORDER DENYING
### BILL OF PARTICULARS

DEFENDANT Marcos Antonio Monge-Hernandez moves pursuant to Federal Rule of Criminal Procedure 7(f) for this Court to direct the prosecution to file a Bill of Particulars herein as to each count with which Defendant is charged. [Doc. 89]. Defendant Jesus Munoz-Lechuga joined in this motion [Docs. 91, 99]. Having considered all submissions, the Court finds the Motion must be Denied.

### *Discussion*

To satisfy Due Process, a criminal defendant must be adequately apprised of the charges against him and given sufficient information about his alleged crimes to prepare a meaningful defense. *See Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). The defendant must also receive enough notice of his alleged conduct to protect him from undue surprise at trial

and to enable him to raise a claim of double jeopardy in the event of a future prosecution for the same offense. *United States v. Daily*, 921 F.2d 994, 998 (10th Cir. 1990); *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). This is done by identifying the statute allegedly violated and factual allegations as to where and when the violation occurred. *United States v. Saybolt*, 577 F.3d 195, 205 (3d Cir. 2009). An indictment which tracks the statute in charging a defendant with knowingly conspiring to distribute a narcotic is constitutionally sufficient. *United States v. Hodge*, 211 F.3d 74, 76-77 (3d Cir. 2000); *United States v. Wallace*, 578 F.2d 735, 741 (8th Cir. 1978). The present indictment meets this standard.

Moreover, the Government has provided Defendant Monge-Hernandez substantial discovery. Special Agent Dye's report sets out the facts alleged by the Government. That report stated that co-defendant Debra Munoz drove a Ford Focus across the United States-Mexico border on December 14, 2011. Customs and Border Protection agents inspected the Focus and detected hidden compartments in the gas tank. Munoz admitted that she was smuggling marijuana in her vehicle and told the agents that she was headed to Albuquerque to deliver the load to fellow drug traffickers and to receive a car-load of money for repatriation to Mexico.

Munoz agreed to perform a controlled delivery under the supervision of law enforcement. She traveled to Albuquerque in the Focus. When she left the Focus at the LaQuinta on Yale, Defendant Munoz-Lechuga got in and drove it to Sergio's Auto Repair on Broadway SE. Around the time of her arrival, co-defendant Santiesteban-

**Aviles was present inside one of the auto shops working on a Chevrolet Trailblazer with tools in his hands. Defendant Monge-Hernandez was standing next to him. After obtaining a search warrant, police investigators found over 100 pounds of marijuana in the Trailblazer. Based on crossing data, the Trailblazer crossed over from Mexico the day before the Focus.**

**A motion for a Bill of Particulars is unnecessary when the Government has provided discovery disclosing basic facts.** *United States v. Ivy*, **83 F.3d at 1281-82;** *United States v. Levine*, **983 F.2d 165, 166 (10th Cir. 1992);** *United States v. Canino*, **949 F.2d 928, 949 (7th Cir. 1991). Defendant Monge-Hernandez' claim "the discovery provided by the Government at this time cannot establish any criminal misconduct on the part of the Defendant much less his participation in a conspiracy" (D.'s Br. 7) is not appropriate for a Bill of Particulars.** *See United States v. Smith*, **441 F.3d 254, 261 (4th Cir. 2006).**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**Chief Judge**